IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ANDREW HENRY TAYLOR,**

   **Plaintiff,**

 vs.             Civil Action 2:08-CV-562
                 Judge Frost
                 Magistrate Judge King

**MICHAEL J. ASTRUE, Commissioner**
**of Social Security,**

   **Defendant.**


<u>**REPORT AND RECOMMENDATION**</u>

   This is an action instituted under the provisions of 42 U.S.C. §§405(g), 1383, for review of a final decision of the Commissioner of Social Security denying plaintiff's application for supplemental security income. This matter is now before the Court on plaintiff's *Statement of Errors* and the Commissioner's *Memorandum in Opposition*.

   Plaintiff Andrew H. Taylor filed his application for benefits in July 2003 alleging disability as of October 1996 by reason of both physical and mental impairments. The application was denied initially and upon reconsideration and plaintiff requested a *de novo* hearing before an administrative law judge.

   On May 18, 2006, plaintiff, represented by counsel, appeared and testified at the administrative hearing, as did Brian Womer, who testified as a vocational expert. In a decision dated September 26, 2006, the administrative law judge found that plaintiff suffers the severe physical impairment of coronary artery disease with residuals of by-pass surgery, but that he does not suffer a severe mental impairment. The administrative law judge went on to find that plaintiff's coronary

artery disease neither meets nor equals any listed impairment and that plaintiff has the residual functional capacity to perform a reduced range of medium work. Relying on the testimony of the vocational expert, the administrative law judge found that plaintiff's prior relevant work as a trencher operator, as classified in the *Dictionary of Occupational Titles*, is consistent with plaintiff's residual functional capacity.[1] Alternatively, the administrative law judge found that plaintiff can perform jobs that exist in significant numbers in the national economy, despite his lessened capacity. The administrative law judge therefore concluded that plaintiff is not disabled within the meaning of the Social Security Act. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on April 11, 2008.

Plaintiff was more than 50 years of age at the time the administrative law judge issued his decision. He is a high school graduate and has prior relevant work experience as a trencher operator. Plaintiff has not worked since 2003. *A.R.* 287.

In 1996, plaintiff underwent a cardiac catheterization administered by Joseph Mayo, M.D., a cardiac specialist. Dr. Mayo diagnosed premature coronary artery disease and non-ischemic cardiomyopathy. Angioplasty was performed at the left anterior descending artery "with an excellent result." *A.R.* 113. Attempts to recanalize a chronically occluded right coronary artery were unsuccessful.

In April 2003, plaintiff underwent triple bypass surgery with a post operative diagnosis of severe coronary artery disease with unstable angina. *A.R.* 127.

---

[1] The vocational expert also testified, however, that in his opinion, a trencher operator requires heavy exertion. *A.R.* 301.

Raj Tripathi, M.D., a specialist in internal medicine and cardiology, performed a consultative physical examination of the plaintiff in February 2004 at the request of the state agency. Upon examination, plaintiff's gait was normal and there was no abnormality of the joints. Neurological examination revealed no muscle weakness or atrophy. Plaintiff was able to grasp and manipulate with each hand. *A.R.* 138-39. Chest x-rays revealed no acute pulmonary artery disease. *A.R.* 144. Dr. Tripathi assessed arteriosclerotic heart disease, status post coronary artery bypass graft. Plaintiff's complaints of pain were thought to be more an exertional dyspnea rather than chest pain. *A.R.* 138. Dr. Tripathi also diagnosed depression and hyperlipidemia. *Id.* According to Dr. Tripathi, plaintiff could sit 6 to 8 hours, stand 4 to 6 hours and walk 3 to 4 hours. He could lift approximately 30 pounds. His ability to handle objects was not affected. Dr. Tripathi noted no problem with social interaction or adaptation. *A.R.* 139.

In March 2004, a state agency physician indicated that the record documented arteriosclerotic heart disease, status post angioplasty and stint placement as well as status post coronary artery bypass graft. *A.R.* 147. That physician opined that plaintiff could occasionally lift up to 20 pounds and frequently lift up to 10 pounds. He could stand or walk about 6 hours throughout an 8 hour workday and sit about 6 hours throughout an 8 hour workday. *Id.* There was no medically determinable evidence of severe arthritic impairment. *A.R.* 150. Moreover, according to the reviewing agency physician, plaintiff's subjective allegations were in excess of the medical evidence. *Id.*

In May 2004, Dr. Mayo performed a heart catheterization and diagnosed "coronary artery disease, (not causing symptoms)." *A.R.* 191. Dr. Mayo characterized plaintiff's angina as stable and rated plaintiff's

3

ASA classification as II.  *A.R.* 166.

Dr. E. Ed Conaway, Jr., M.D., a family practitioner, has been plaintiff's primary care physician since at least 1996.  In July 2003, Dr. Conaway reported that plaintiff's cardiac condition was "improving," *A.R.* 203, and that he also suffers from clinical depression, for which he takes Paxil.  *Id.*  However, plaintiff is not significantly limited by reason of his "mild clinical depression & anxiety controlled [with] medication."  *A.R.* 205-06.  Plaintiff could lift up to 20 pounds.  Dr. Conaway characterized plaintiff as "unemployable."  *A.R.* 204.

In October 2003, Dr. Conaway indicated that plaintiff suffers from cardiomyopathy, status post coronary artery bypass graft.  *A.R.* 197.  Dr. Conaway also diagnosed mild anxiety for which he prescribed, *inter alia,* Valium and Zoloft.  *Id., A.R.* 198.  According to Dr. Conaway, plaintiff's condition is "good/stable [with treatment]."  *A.R.* 198.  Plaintiff can lift no more than 10 pounds; he is moderately limited in his ability to push or pull.  Dr. Conaway again characterized plaintiff as "unemployable."  *A.R.* 199.

In September 2003, James N. Spindler, M.S., performed a consultative psychological evaluation at the request of the state agency.  Plaintiff denied outpatient counseling but reported that he took antidepressant medication.  He also speculated that "his nerves" would not permit him to work with others.  *A.R.* 131.  Plaintiff reported feeling depressed most of the time for a number of years.  *A.R.* 132.  According to Mr. Spindler, plaintiff's mood was mildly depressed and his affect was somewhat flat.  He was deemed to be functioning in the average range of intelligence.  Judgment was adequate "when he is not abusing alcohol."  *A.R.* 133.  Mr. Spindler diagnosed alcohol dependence and depressive disorder, nos.  He placed plaintiff's current global

4

assessment of functioning at 65, which is suggestive of only mild symptomatology. According to Mr. Spindler, plaintiff's ability to relate to others, including coworkers and supervisors, was mildly impaired, his ability to understand, remember and follow instructions was not significantly impaired, his ability to maintain attention, concentration, persistence and pace sufficient to perform simple repetitive tasks was not significantly impaired and his ability to withstand the stress and pressure associated with day-to-day work activities was mildly impaired. *A.R.* 134-35.

In March 2004, state agency psychologists reviewed the evidence of record and concluded that plaintiff did not suffer a severe mental impairment. *A.R.* 152.

At the administrative hearing, plaintiff testified that he lives with his long-time girlfriend and helps her with her grandchildren. He does laundry and light housekeeping; he mows the lawn with a riding mower. *A.R.* 297. He goes to the store. Plaintiff complained of constant pain between his shoulders and in his chest. *A.R.* 288. He tires easily and is exhausted after walking 50 yards. *Id.* He naps every day, for a total of 3 hours. *A.R.* 289. He also has pain in his feet and ankles. *Id.* Plaintiff also testified that he has been diagnosed as suffering from gout. *A.R.* 290. He also experiences shortness of breath which he speculates might be caused by anxiety. *A.R.* 290. He gets dizzy upon rising. In describing his depression, plaintiff testified that he has had thoughts of suicide. *A.R.* 291. He has been treated for depression "just about all my life." *A.R.* 292. He becomes nervous when he is around people. *Id.* Dr. Conaway recommended that plaintiff seek psychiatric treatment for his depression some time ago, although plaintiff was too embarrassed to do so. *A.R.* 300.

Plaintiff estimates that he can lift no more than a gallon of milk.

The administrative law judge asked the vocational expert to assume a claimant with plaintiff's vocational profile who is limited to medium exertion in a clean air work environment. According to the vocational expert, such a claimant could perform approximately 50,000 medium jobs, such as machine packer and hand packager, approximately 18,000 light jobs, such as small parts assembler and assembly machine tender, and approximately 5,000 sedentary jobs, including wire insulator and sprayer assembler. *A.R.* 302. If the claimant were limited to lifting no more than 30 pounds, the available previously identified medium jobs would be reduced to 5,000; there would be no impact on the light or sedentary jobs identified by the vocational expert. Asked to further reduce the residual functional capacity of the claimant to a low stress work environment with no direct dealing with the general public, no production quotas and no over-the-shoulder supervision, the vocational expert testified that such a claimant could still perform the previously identified 5,000 medium unskilled jobs, but only 8,000 light jobs and 1,500 sedentary jobs. Asked to assume plaintiff's subjective complaints, the vocational expert testified that such a claimant could not perform the medium or light work previously identified by him but could perform the 1,500 sedentary jobs previously identified by him. *A.R.* 303.

In his decision concluding that plaintiff is not disabled, the administrative law judge rejected the opinion of disability and the residual functional capacity assessment of plaintiff's primary care physician, Dr. Conaway.

> Dr. Conaway's records show only routine continued medication management and that occasional chest pain was resolved with rest. The claimant's condition had not significantly changed from June

6

> 2003 to August 2003. In summary, Dr. Conaway's
> opinions are not supported by significant objective
> or clinical evidence demonstrating such ...
> restrictions.

*A.R.* 21. Rather, the administrative law judge found that the residual functional capacity assessment articulated by the consultative examining physician, Dr. Tripathi, was supported by the evidence, including the class II functional rating articulated by plaintiff's treating cardiologist, Dr. Mayo, which the administrative law judge noted is suggestive of "only slight limitation of physical activity." *A.R.* 20. Finally, the administrative law judge found that plaintiff's subjective complaints were not consistent with the objective evidence and were therefore less than credible. *A.R.* 20. In particular, the administrative law judge noted that, although plaintiff had worked for many decades, he had never paid income tax. *A.R.* 20.

Pursuant to 42 U.S.C. §405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Buxton v. Halter,* 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Secretary of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility. *See Brainard v. Secretary of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, this

Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Longworth v. Comm'r Soc. Sec.,* 402 F.3d 591, 595 (6th Cir. 2005).

Plaintiff contends, first, that the administrative law judge erred in failing to accord controlling weight to Dr. Conaway's opinion that plaintiff is unemployable. Opinions of treating physicians must be accorded controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and not "inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §416.927(d)(2). If the administrative law judge finds that either of these criteria have not been met, he is then required to apply the following factors in determining the weight to be given a treating physician's opinion: "The length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source. ..." *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir. 2004). In this regard, the administrative law judge is required to look at the record as a whole to determine whether substantial evidence is inconsistent with the treating physician's assessment. *See* 20 C.F.R. §404.1527(d)(2),(4). However, a treating physician's opinion of disability, a conclusion reserved to the Commissioner, is not controlling on the Commissioner. *See Combs v. Comm'r of Soc. Sec.,* 459 F.3d 640, 652 (6th Cir. 2006)(*en banc*).

In this case, the administrative law judge properly evaluated Dr. Conaway's residual functional capacity assessment. The limitations articulated by Dr. Conaway are, as the administrative law judge found, both inconsistent with his own treatment notes and with the characterization by Dr. Mayo that plaintiff's cardiac condition is asymptomatic. Moreover, Dr. Tripathi's assessment, made after his examination of the plaintiff, reasonably suggested a residual functional capacity that is not work preclusive. The administrative law judge found that plaintiff has the residual functional capacity articulated by Dr. Tripathi and his report, which is consistent with the objective evidence of record, provides substantial support in the record for the administrative law judge's findings in this regard.

Plaintiff also complains that the administrative law judge erred in finding that plaintiff's depression is not a severe impairment. However, even Dr. Conaway, who has provided the only treatment that plaintiff has sought for a mental impairment, has consistently characterized plaintiff's mental impairment as "mild," *A.R.* 198, 205-06, and has indicated that such impairment poses no impediments to work-related activities. *See A.R.* 199. In this regard, too, the administrative law judge did not err.

Finally, plaintiff argues that, because the vocational expert testified that plaintiff could not perform a significant number of jobs should his subjective allegations be accepted as true, it was error for the administrative law judge to find plaintiff not disabled. An administrative law judge may properly pose to a vocational expert a hypothetical reflective of the administrative law judge's credibility determination. *Jones v. Comm'r of Soc. Sec.,* 336 F.3d 469, 475-76 (6th Cir. 2003). Because the residual functional assessment and credibility

findings of the administrative law judge are, for the reasons noted *supra,* supported by substantial evidence, the hypothetical posed by the administrative law judge -- which incorporated that assessment and those findings -- was not improper. Accordingly, the administrative law judge did not err in relying on the testimony of the vocational expert to conclude that plaintiff can perform a significant number of jobs despite his lessened capacity. *See Varley v. Sec'y of Health & Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987).

In short, the Court concludes that the decision of the Commissioner is supported by substantial evidence and must, therefore, be affirmed.

It is therefore **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED.**

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within ten (10) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers,*

*Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


August 12, 2009                              *s/Norah McCann King*
                                              Norah M<sup>c</sup>Cann King
                                         United States Magistrate Judge